IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDY GRAHAM         )<br>                      )<br>     Petitioner,     )<br>                      )<br>vs.                   )<br>                      )  Case No. 3: 22-cv-2077-JPG<br> ERIC WILLIAMS        )<br>                      )<br>     Respondent.      ) | |

**MEMORANDUM AND ORDER**

I. **Background**

This is a post-conviction proceeding. Before the Court is Petitioner Randy Graham ("Petitioner" or "Graham") § 2241. Graham —a federal prisoner at the U.S. Penitentiary in Greenville FCI, Illinois within this District—petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 28, 2023). Respondent Eric Williams ("Respondent" or "Williams") opposes the § 2241. (Doc. 8). Graham has not filed a reply.

In 1999, Graham was convicted by a jury of six counts, which included including conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 (Count 1); unlawful user of marijuana in possession of firearms in violation of 18 U.S.C. § 922(g)(3) (Count 9); unlawful attempt to manufacture marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 10); conspiracy to manufacture marijuana in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 11); carrying a semi-automatic assault weapon in relation to a crime of violence as charged in Count 1, in violation of 18 U.S.C. § 924(c)(1) (Count 13); and carrying a firearm in relation to a drug trafficking crime as charged in Counts 10 and 11, in violation of 18 U.S.C. § 924(c)(1) (Count 14).

*United States v. Graham*, Case No. 98-cr-54-PLM (W.D. Mich.). Graham received a 55-year sentence.

On direct appeal, the Sixth Circuit vacated the sentence because the maximum sentence could only be 50 years' imprisonment. *United States v. Graham*, 275 F.3d 490, 500 (6th Cir. 2001). On remand in April 2002, the court resentenced Graham and the Sixth Circuit affirmed the amended sentence. *United States v. Graham*, 327 F.3d 460 (6th Cir. 2003). Later, Graham filed an unsuccessful habeas petition under 28 U.S.C. § 2255 in April 2004 alleging ineffective assistance of counsel. He was denied leave to file successive § 2255 motions in December 2014 and September 2016.

In July 2021, Graham filed an application for leave to file a successive § 2255 with the Sixth Circuit, citing the Supreme Court case of *United States v. Davis*, 139 S. Ct. 2319 (2019) as its basis. The Sixth Circuit granted the application and remanded the case to the district court. On March 31, 2022, the district court vacated Graham's conviction for Count 13, which reduced Graham's total sentence to 360 months. See Case No. 1:98-cr-00054-PLM-3 (W.D. Mich.) (Docs. 530 (Amended Order), 531 (Third Amended Judgment). Graham is incarcerated at FCI Greenville. Respondent indicates Graham has good conduct time release date of November 19, 2023. However, the BOP indicates his release date is December 16, 2023. *See* https://www.bop.gov/inmateloc/ (last visited Feb. 28, 2023).

The basis of Petitioner's habeas petition is that BOP determined his offense, a crime of violence because it involved a semiautomatic weapon, as a disqualifying offense for good time credits. Therefore, Petitioner is disqualified from receiving First Step Act ("FSA") good time credits. 87 Fed. Reg. at 2706. Graham argues that BOP has acted "contrary to law" by disqualifying Graham from receiving FSA good time credits. When screening Graham's petition, the Court

initially had questions regarding whether Graham had actually exhausted his claim through the Bureau of Prisons ("BOP") administrative remedy process because his paperwork indicated he filed a "tort claim" and not a claim for good time credits. (Doc. 4 at 2-3). However, the Court ordered the Government to respond. *Id*. Before reaching the instant motion, the Court will review a background on the FSA, and what claims Graham has appealed.

    a. **Background on FSA**

The FSA, which was enacted into law on December 21, 2018, directs the Department of Justice ("DOJ") to take specific actions regarding inmate programming, FSA time credits, and compassionate release. The FSA directs the Attorney General to develop a risk and needs assessment system by July 19, 2019. See 18 U.S.C. § 3632(a). The FSA set up a program where inmates convicted of non-violent offenses could earn up to 10 or 15 days credit for every 30 days participation in prison jobs. *Booker v. Williams*, No. 21-CV-00215-JPG, 2022 WL 4314362, at *1 (S.D. Ill. Sept. 19, 2022).

The application of FSA credits is not available for everyone – the BOP only assigns people with minimal or law PATTERN scores, a risk and needs assessment tool, to these programs and activities. *Id*. Based on various factors – including age, sex offense history, criminal history score, programs completed, work programming, and et. al. – PATTERN assigns point values. However, these scores are not permanent and are periodically assessed to determine whether recidivism risk has changed. 18 U.S.C. § 3632(a)(4). Eligible inmates' FSA time credits "shall be applied toward time in prerelease custody or supervised release." *See id*. § 3632(d)(4)(C).

    b. **Exhaustion**

Graham presented three series of administrate remedy requests at all levels of the BOP's administrate remedy process. Those remedy requests pertained to medical care (Remedy ID

1061436), a request that Petitioner's Public Safety Factor be changed (Remedy ID 1016460), and Kosher items in the commissary (Remedy ID 1093936). (Doc. 8 at 5, Ex. B). Graham's Public Safety Factor request relates to a transfer to a low security facility.

Additionally, Graham has utilized the tort claim process. Graham has submitted "four valid tort claims with the BOP." (Doc. 8 at 6). Two claims from 2013 and 2015 involve allegations of lost personal property, i.e., TRT-NCR-2015-03520 and TRT-NCR- 2013-02514. The other two tort claims (TRT-NCR-2022-04814 & TRT-NCR-2022-04948) were submitted in May 2022 and mention the FSA (in a form titled a "CLAIM FOR DAMAGE, INJURY, OR DEATH" Graham writes "C.F.R. § 220.55 and get the BOP to conform to laws written since 2016, applies to RDAP and all Early Release Programs, to include [sic] Ederly and First Step Act EARNED TIME CREDITS FBOP must also obey 18 U.S.C. 1738, 'Full Faith and Credit,' and may not alter a State misdemeanor to a Federal Felony for purpose of denials.")

## II.     Analysis

Generally, before an inmate can file a § 2241 petition, he must exhaust the BOP administrative remedy procedures. *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). Although there is no express exhaustion requirement in 28 U.S.C. § 2241, a district court is entitled to require a prisoner to exhaust the administrative remedies that the BOP offers before it will entertain a petition. *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009). And the BOP has an extensive set of procedures available to inmates. See 28 C.F.R. §§ 542.10 to 542.16. The Court may excuse the failure to exhaust where (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir.

2004) (internal quotations omitted). Courts have indicated that exhaustion is important because until a petitioner asks, courts may not know whether the BOP may have been able to grant *some* relief. *Zuercher*, 344 F. App'x at 269 (disagreeing with petitioner's argument that exhaustion would have been futile because exhaustion often may lead to changes in conditions or circumstances that resolve, in whole or in part, the grievance).

The BOP's administrative remedy process involves an inmate presenting remedy requests at three-levels (i.e., the institution, BOP Regional Office, and BOP Central Office) if informal resolution procedures fail. *See* 28 C.F.R. §§ 542.10 *et seq*. Specifically, an inmate must file a formal complaint with the Warden within 21 days of the date on which the basis of the complaint occurred. See 28 C.F.R. §§ 542.14. The Warden has 20 days to respond to the complaint. If the inmate is not satisfied with the response, he may appeal the response to the Regional Office (BP-10). The Regional Office has 30 days to answer the complaint. If still unsatisfied, he may file a final appeal with the Central Office in Washington, DC. (BP-11). The Central Office has 40 days to respond. 28 U.S.C. § 542.18.

Graham has not exhausted his claim regarding ineligibility for FSA time credits and his habeas claim will be dismissed. As stated above, Graham presented three series of administrative remedy requests. Graham's remedy requests for medical care and Kosher items in the prison commissary are unrelated to his claim regarding ineligibility for FSA time credits. Additionally, Graham's request regarding a change to his Public Safety Factor, while "relate to a transfer to a low security facility" states nothing about eligibility regarding FSA time credits. (Doc. 8 at 5). Therefore, Graham has not exhausted the claim he brings under § 2241 through BOP's administrative process. Respondent asks the question: "even if he is eligible to earn FSA time credits, what programs must he participate in, has he participated in any of those programs, and

how will the BOP apply any time credits earned?" The Court agrees. Because Graham has not properly presented his issue to the BOP, he has deprived the agency the opportunity to address questions regarding his status, including factual determinations application to the FSA.

Additionally, even though his two tort claims filed in May of 2022 reference the FSA, the tort claims process is a separate process. *See* 28 C.F.R. §§ 543.30 *et seq*. The tort process allows individuals to satisfy the requirement that tort claims be exhausted with an agency before a Federal Tort Claims Act ("FTCA") against the United States. *See* 28 U.S.C. § 2675(a). While the tort claims Graham wrote contain *some* detail regarding FSA time credits, Graham did not exhaust his claim using the administrative policy laid out in 28 C.F.R. §§ 542.10 *et seq*. Additionally, his details in the tort claim are vague and do not reference his claim regarding a "crime of violence" or ineligibility for FSA time credits which is the subject of Graham's § 2241. Therefore, even if a tort claim process were sufficient, which it is not as a claim regarding eligibility for FSA time credits must be exhausted through the BOP administrative remedy process, his claim did not contain enough information for the BOP to adequately consider the claim.

As stated above, a Court may excuse exhaustion if requiring exhaustion would cause prejudice because of the time required, the agency cannot resolve the issue, exhaustion would be futile because agency is biased or already determined the issue, or substantial constitutional issues are raised. *Gonzalez*, 355 F.3d at 1016. Because Graham has not filed a reply, the Court does not have the benefit of Graham's response. However, based on the materials in the record provided by both Graham's petition and Respondent's response, none of the reasons above apply to this case. Graham failed to exhaust his claim, the Court cannot excuse his failure to exhaust, and his petition will be dismissed.

### III.     Conclusion

For these reasons, the Court **DENIES** Petitioner Randy Graham's Motion for Habeas § 2241 for failure to exhaust without prejudice (Doc. 1) and **DIRECTS** the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**Dated: March 6, 2023**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
